EDWARDS, Judge.
This action arises in the context of a prior workman’s compensation award to John D. Dickerson, against James Taylor, et al. This present litigation involves a rule filed by Dickerson to compel Taylor to provide a home therapy program to plaintiff and to produce the depositions of Jack O’Neil and Dr. Alvin Stander. Dickerson also sought civil penalties and attorney fees under R.S. 23:1125, 1201.2, in connection with both demands.
The trial court denied plaintiff’s rule. The judge held that depositions were not within the meaning of R.S. 23:1125 which requires employers to furnish medical reports to employees upon written demand. Additionally, the. court ruled that the depositions failed to establish a prescription for home therapy; thus the defendants did not deny plaintiff any necessary treatment under R.S. 23:1203.
On appeal, Dickerson alleges error by the trial court in its construction of R.S. 23:1125 and interpretation of the depositions. We affirm.
BACKGROUND FACTS
In June, 1976, Dickerson suffered an injury while working for Taylor which subsequently resulted in a workman’s compensation award against defendants in October, 1978. Dickerson commenced physical therapy treatments in May, 1979, on an in-clinic basis with Jack O’Neil in Hammond. The defendants, planning to seek a reduction in Dickerson’s disability judgment, took the depositions of Mr. O’Neil, therapist, and Dr. Stander, the treating orthopedist, in September, 1980. Dickerson’s attorney was present at both depositions.
DEPOSITIONS AND R.S. 23:1125
Dickerson filed a rule to compel production of both depositions from defendants under R.S. 23:1125. This statute provides that when an employee submits to any type of medical examination by a professional medical or paramedical examiner at the employer’s request, the written report of the examination must be furnished without cost to the employee within thirty days of demand.. The language of section 1125 clearly does not cover depositions. We, therefore, find no error in the trial court’s conclusion that depositions are not medical reports within the meaning of R.S. 23:1125.
HOME THERAPY
Dickerson alleged that the depositions, particularly Mr. O’Neil’s, recommended home therapy in place of the in-clinic therapy. Thus, plaintiff asserts, the defendant’s failure to provide home therapy equipment violated R.S. 23:1203. This statute provides that the employer “shall furnish all necessary medical, surgical and hospital services, and medicines, or any non-medical treatment recognized by the laws of this state as legal.”
However, the trial court held that the depositions merely discussed a home therapy program as a possible replacement for in-clinic therapy should the latter be terminated. Our review of the depositions reveals no error by the trial judge in his interpretation. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Mr. O’Neil even stated that a re-examination of Dickerson was appropriate to determine the proper course of therapy. Thus, Dickerson has failed to show in these depositions a recommendation or prescription of home therapy that the defendants would have been bound to honor. No violation of R.S. 23:1203 occurred.
MOTION TO STRIKE
After this appeal was granted by the trial court, the defendants filed in this court a motion to strike from the record certain documents and exhibits. However, assuming arguendo, that the documents and ex *293 hibits are properly in the record, their presence does not affect our affirmance of the lower court’s judgment. Therefore, we will not address this motion.
DECREE
Based on the foregoing reasons, we affirm the trial court’s dismissal of plaintiff’s rule. Costs of this appeal are to be assessed against plaintiff.
AFFIRMED.